BENJAMIN O. HODGE, Appellant, *v.* MARCUS D. GILMAN *et al.,* Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The party receiving a paper interlined in a material part, should see that the interlineation is noted in the attestation. Such interlineations must be explained by those who claim the benefit of them.

Where a material alteration appears upon the face of the instrument, the *onus* is upon the person holding it, to show that the alteration was made before attestation, or has been assented to.

THIS was a proceeding in chancery. The bill states that the complainant was indebted to the defendants, on the 7th day of July, 1857, in a certain sum of money, for which indebtedness the defendants requested him to give his note at sixty days, and promised him that they would allow him that time to pay said indebtedness, if he would give his note; that being desirous of the extension, he did so, and drew the note, which is hereinafter set forth; that he also signed, in connection with said note, and on the same sheet of paper, a power of attorney, in the usual form, etc., to enter up judgment on said note, at any time after the same became due; that it was the distinct understanding between him and the defendants that he was to have sixty days' time in which to pay the note.

The bill further states that, on the 9th day of July, 1857, the said defendants caused judgment to be entered upon said note against the complainant, that execution was issued, and a levy threatened on the goods of the complainant, until the defendants were informed of the complainant's discovery of the facts hereinafter set forth, since which time no proceedings have been taken with said execution, which still lies in the hands of the sheriff, to the great damage of the complainant, who expressly states that he would have been able to pay the note in sixty days, and had made arrangements so to do.

The bill further states that the complainant has seen the papers on which the said judgment was entered. "And your orator expressly states that the said note is the note that he signed for M. D. Gilman & Co., but that the said power of attorney last mentioned is not the power of attorney that was signed by your orator in connection with the note aforesaid; that the words 'before or' are interlined with a pen before the printed words 'after due,' in the power of attorney by virtue of which the judgment and execution above mentioned were entered and issued in said court; and your orator further adds, that if the signature of 'B. O. Hodge' was written by your

orator to the said power of attorney (and your orator believes that it was), then the interlineation above mentioned must have been made, and your orator is confident that it was made, after your orator had signed the same; for your orator is well acquainted with the instruments commonly called judgment notes, and your orator took particular pains to read, and did read, that portion of the power of attorney which gave the power to enter up judgment, and the said power of attorney was filled out in a printed form, and expressed that judgment might be entered on the said note at any time after the said note became due; and your orator saw no printed or written words that modified the meaning of said note and power of attorney, as your orator has hereinbefore expressed the same to be. And your orator says that, according to the best of his knowledge and belief, the said interlineation was made after your orator signed ·the said note and power of attorney. And your orator expressly charges that the same was made for the purpose of defrauding and injuring your orator, and that it was made by, or procured to be made by, the said defendants, M. D. Gilman & Co."

The bill further states that the said power of attorney is a sealed instrument, that the same is witnessed, that the·witness knows nothing of the interlineation, nor was his attention called to it. That the attestation to the signatures, which was filed with the clerk of the court when judgment was entered, was by E. P. Hooker, and not G. H. Morrison, the subscribing witness to the note. The complainant craves leave to refer to the note.

The bill charges that the alteration was made fraudulently, etc., and prays for an injunction, and that the judgment should be set aside for fraud. The bill waives the oath of the defendants.

The injunction prayed for was granted.

The answer of the defendants is joint and several, and admits that a judgment was entered, as stated in the complainant's bill.

The answer denies that said sixty days' note was made on any such understanding as is stated in the bill, but states that they were to have the election to retain said sixty days' note, and return two other notes, made by said Hodge, or to return said sixty days' note, and retain said other two notes; and that, accordingly, they retained the said sixty days' note, and returned said two other notes.

The answer admits that the words " before or" are interlined, but says that they were interlined before signing; denies that there was any agreement to wait sixty days before entering judgment, and says that they already had the complainant's notes, due and past due, for the same debt, on which they might have recovered judgment in less than sixty days. The defend-

ants do not know whether the attention of the witness was called to the interlineation of the words "before or," but say that the attention of the complainant was called to them. The answer denies all fraud and collusion.

The answer further says, that the only treaty which was had concerning giving sixty days' time for the payment of said note, was in connection with a proposition that the complainant should secure his own note by pledging other notes as collateral.

The answer further admits the issuing and levy of the execution as charged.

The answer denies fully and repeatedly that the interlineation referred to was made after signature.

A general replication was filed.

Two depositions were taken, but the testimony elicited is of no importance, except the answers of G. H. Morrison to certain questions, which are as follows:

Interrogatory 2nd. Did you, some time in July, 1857, witness a certain note and power of attorney to enter up a judgment, drawn in favor of M. D. Gilman & Co., and signed by Benj. O. Hodge, of Galena?

Ans. Yes.

Int. 3rd. Was your attention called to any interlineation in said power of attorney?

Ans. It was not.

Int. 4th. Did you see any interlineation of said power of attorney when you signed it as a witness?

Ans. No. I did not.

Cross-Int. 7th. Did or did not Hodge look over the power of attorney to confess judgment before signing it?

Ans. I saw him looking at it, and think I heard him read a portion of it before I signed it as a witness.

The note and power of attorney are copied in the opinion of the court.

At the January term, 1857, a decree was rendered dissolving the injunction, and dismissing the bill, with costs; from which decree the complainant appealed. J. M. Wilson, Judge, ordered the decree.

J. A. Ware, for Appellant.

Mather & Taft, for Appellees.

Caton, C. J. This bill was filed to enjoin the collection of, and to set aside and vacate a judgment entered in the Common Pleas, in favor of the respondents, against the complainant. The judgment was confessed by an attorney, and the ground

alleged for the relief sought, is, that the power under which the attorney acted was altered in a material part after it was executed by the complainant, without his authority, and so it was not his deed. The note and the power of attorney, as they appeared at the time the judgment was confessed, were as follows,—those parts in Roman letters being in print, and those in italics being in writing:

$1047.87.                                                *Chicago, July 7th,* 1857.

*Sixty days after date,* promise to pay to the order of *M. D. Gilman & Co., ten hundred and forty-seven* 87-100 dollars, for value received, with interest at the rate of *ten* per cent. per annum *after due, payable at their office in Chicago.*

*B. O. HODGE.*

Know all men by these presents, that whereas, the subscriber, *B. O. Hodge, justly* indebted to *M. D. Gilman & Co.,* upon a certain promissory note for the sum of *ten hundred and forty-seven* 87-100 dollars, bearing interest at the rate of *ten* per cent. per annum *after due and* due *sixty days* from date, and payable to the order of *M. D. Gilman & Co.* Now, therefore, in consideration of the premises, I do hereby make, constitute, and appoint *Gallup & Hitchcock,* or any attorney of any court of record, to be *my* true and lawful attorney irrevocably, for and in *my* name and stead to enter *my* appearance at any time, when the same can be legally done before any court of record or justice of the peace, in any of the States or territo-*before or* ries of the United States of America, at any time after the said note becomes due, to waive service of process, and confess a judgment in favor of the said *M. D. Gilman & Co.,* or *their* assigns, upon the said note, for the above sum, or for as much as shall appear to be due, according to the tenor and effect of said note and interest thereon, to the day of the entry of said judgment; and also *twenty-five* dollars for counsel fee, and release all errors that may intervene in entering up said judgment or in issuing execution thereon.

Hereby ratifying and confirming all which *they,* said attorneys, may do by virtue hereof.

Witness *my* hand and seal at *Chicago,* this *7th* day of *July,* 1857.

In presence of                                    *B. O. HODGE.* [L. S.]
     *G. H. Morrison.*

The alleged alteration is in the interlining of the words "before or" between the words "time" and "after," in the power of attorney. It is not denied that the words are material, for it was in fact only by force of these words that the judgment was entered at the time it was, which was before the maturity of the note. The only testimony taken at all material to the point in issue, was that of the subscribing witness, (Morrison), who says he witnessed the power of attorney, and that at that time, his attention was called to no interlineations in the power of attorney, and that he saw none. This, in fact, amounts to but very little, for the first interlineation which occurs, and

of which no complaint is made, we may fairly presume was made at the time it was executed; or, at least, if it was inserted afterwards, it was in pursuance of an implied authority from the maker, for it made it correspond with the note to which it referred and was attached. The fact, however, that there was a subscribing witness to the instrument, whose attention should have been called to the interlineation, and it noted in the attestation, by the party for whose benefit the paper was executed, should by no means be overlooked in the consideration of the case. The party who receives a paper interlined in a material part, should see that the interlineation is noted in the attestation, or he must assume the responsibility of explaining it afterwards. It is, at least, the settled law of this court, that such interlineations must be explained by the party claiming the benefit of the paper, the presumption of law being that the interlineations were made after the execution by the maker. This presumption arises from business convenience, the habits of parties, and the necessities of the case. The law must presume either that it was made before or after it was executed the former, no man would ever be safe in signing any paper, no matter how fairly drafted, for the holder, having it in his possession and control, could interline it at pleasure, and then call upon the maker to show that the alterations were made after its execution, which, if the alterations were made by the same hand that wrote the body of the instrument, it would, in most cases, be impossible for him to do. But we shall not stop to discuss at length the propriety, and even the necessity, of this legal presumption. It is sufficient that it has been deliberately settled by this court, in the case of *Walters* v. *Short,* 5 Gilm. R. 252, and that we now entirely approve of that decision.

In the argument here, a distinction is attempted to be drawn between this case and that, insisting that *there* the party producing the instrument was claiming to recover a judgment upon it, while *here* a judgment has already been obtained upon the note, which the maker seeks to avoid by setting up affirmatively that the power of attorney has been altered since its execution. It is true, that the complainant in this case must take the affirmative, to show that the instrument has been altered since he signed it; and so it is when an action is brought upon a promissory note, when the handwriting of the maker is proved. That binds him *prima facie,* and to avoid the apparent obligation of the instrument, he must assume the responsibility of showing that it is not the instrument it was when he signed it; that it has been since altered; and anything which would prove an alteration in the one case, would establish it in the other. That, we say, as matter of law, is done by showing to the court,

29

that the instrument has been interlined in a material part, which changes the *onus* and imposes the duty upon the other side to show that the alteration was in fact made before it was executed ; or that it was done subsequently, with the authority or consent of the maker. Nor does this necessarily require the production of a witness who saw the alteration made. The very face of the paper may show satisfactorily that the alteration was made with the consent of the maker, or at least it may raise that presumption, and destroy the first presumption arising from the simple fact of interlineation. The first interlineation in this power of attorney may be of this kind. Again, an interlineation may be shown to be in the handwriting of the maker. In that case, when the instrument is inspected, and a material interlineation or alteration is apparent, the law at once presumes that it was without authority, but that presumption is at once destroyed and succeeded by another when the alteration is shown to be in the handwriting of the maker. And so in many other ways may the first presumption be destroyed by a further inspection of the face of the paper.

In this case there is nothing on the face of the paper itself, or in the extrinsic proof, in the least weakening the presumption of law already stated. The alteration is in a material part of the paper, to the palpable detriment of the complainant, and as manifestly to the advantage of the respondent, and above all, it is not naturally consistent with the terms of the note to which it refers, and is a harsh and unjust provision, which, if the law will not at once repudiate, as oppressive and inconsistent with public policy, yet it may be characterized as a modern invention of refined avarice, to which it is to be presumed no sane man will submit, until his children are crying for bread, or his affairs are so desperate that the most reckless measures cannot make them worse. There is nothing then in the character of this alteration calculated to rebut the legal presumption which arises from the fact of interlineation. That presumption is left to work its way, and under its influence we are bound to say that the power of attorney under which the attorney acted, who confessed this judgment, was not the one which the complainant executed. Several other points have been raised on the argument—as to the jurisdiction of the court of law to set aside the judgment, and some others which we do not think it necessary to discuss.

The decree below must be reversed, and decree entered here according to the prayer of the bill.

*Decree reversed.*