JOHN MCALLISTER

v.

GILMAN W. AVERY.

INTERLINEATIONS—BURDEN OF PROOF.—Interlineations must be explained by the party claiming the benefit of the paper, the presumption of law being that the interlineations were made after the execution by the maker.

ERROR to the Circuit Court of Peoria county; the Hon. D. McCULLOCH, Judge, presiding. Opinion filed December 4, 1885.

Messrs. PUTERBAUGH & PUTERBAUGH, for plaintiff in error.

Messrs. STEVENS, LEE & HORTON, for defendant in error.

BAKER, J. Plaintiff sued defendant as guarantor of a note for $500, executed by one Lenhart to Frazer, assigned, after maturity, to plaintiff. Pleas verified by affidavit were interposed; and a jury trial resulted in a verdict and judgment for defendant.

We think the weight of the evidence fully sustains the verdict. The point of contention is, whether the erasure of the words "First National Bank of Peoria," in the printed blank used, and the interlineation of the name of Perry Frazer, as payee, were made before or after the indorsement of the note by the defendant. It does not appear that any person other than defendant and Lenhart was present at the time of such indorsement; defendant testified positively the bank was the payee named in the note when it was executed and indorsed; and Lenhart, who was examined as a witness, refused to testify to the contrary. The circumstances in proof tend strongly to show that intermediate the indorsement and the delivery of the note to Frazer, Lenhart erased the name of the bank as payee, and interlined that of Frazer.

The interlineation and the writing in the body of the

note are in the same handwriting; and the same ink was used. Plaintiff, therefore, insists that when it was shown the signature of defendant on the back of the note was genuine, and was there at the time of its delivery to the payee, the burden of proof was thrown upon the defendant to show the alteration was made subsequent to the execution of the instrument by him; and that it was error in the court to require further evidence than this before admitting the note in testimony. At the time the objection was allowed, no proof whatever had been offered to show the erasure and interlineation were upon the note at the time of its delivery to Frazer; when such proof had been made and it was again offered, the court permitted it to go to the jury. We see no 'error in the action of the court.

In Hodge v. Gilman, 20 Ill. 437, the Supreme Court said: " It is the settled law of this court, that interlineations must be explained by the party claiming the benefit of the paper, the presumption of law being that the interlineations were made after the execution by the maker; " and the court further said, in substance, that where the handwriting to a note is proved, the maker establishes an alteration has been made since he signed it, by showing the instrument has been interlined in a material part, and that this changes the *onus* and imposes the duty upon the other side to show that the alteration was in fact made before it was executed, or that it was done subsequently, with the authority or consent of the maker. The same rule was announced in Walters v. Short, 5 Gil. 252, in the case of a contract for the delivery of cattle; and in Montag v. Linn, 23 Ill. 551, in respect to a deed. These authorities fully answer the points made by plaintiff as to the rulings of the court upon the trial. The alteration in the note was material, and in the interest of the party producing it; and, under the law as held in this State, is presumed to have been made after execution, and the burden was upon him to explain the alteration.

The cases on this subject are not in harmony. And even in many courts where the rule in favor of the presumption of innocence in the matter of the alteration of instruments pre-

vails, an exception is admitted in the case of negotiable instruments, it being held that the party producing and claiming under such paper is bound to explain any apparent and material alteration, the .operation of which would be in his own favor. See authorities cited in note 1, p. 605, Vol. I, Redfield's Edn. of Greenleaf on Evidence.

The judgment is affirmed.

Affirmed.