THOMAS V. WHITESIDES ET AL. Trustees, etc.,

v.

CYRUS L. COOK ET AL.

1. AGENCY.—An agent employed to settle a debt can not purchase it for himself. One who agrees to act for another is not allowed to deal in the business of his agency for his own benefit, or to do an act having a tendency to interfere with the proper discharge of his duties.

2. PURCHASE OF A DEBT BY AGENT.—A, as agent of a church, undertook to collect its assets and apply such collections to the payment of a note secured by trust deed, given by the church to B. A bought the note of B, neglected to collect all the assets, but represented to the church that it was out of debt. The first intimation the church had of A's purchase was the recording of the trust deed years after the assignment of the note. The church thereupon brought a bill against A, to procure the cancellation and surrender of the note. A filed a cross-bill claiming to be the assignee of the note, and praying that payment be made. *Held*, that A can not recover anything upon the note, and that the church is entitled to the relief prayed for.

ERROR to the Circuit Court of Madison county ; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed November 24, 1886.

Messrs. HAPPY & TRÀVOUS, for plaintiffs in error.

Mr. A. W. METCALFE and Mr. CYRUS L. COOK, for defendants in error.

Whitesides v. Cook.

GREEN, J.  Plaintiffs in error exhibited their original and amended bills against defendants in the court below, to procure the cancellation and surrender of a note and trust deed of the church property securing the same.  Cook, defendant, after answering, filed his cross-bill claiming to be the assignee and lawful owner of said note and trust deed, praying payment of said note be decreed, and in default of payment that the premises (being the lot and church building thereon) be ordered sold to satisfy the debt, etc.  Issues were made up on bills and cross-bills, hearing thereon, and a final decree was entered dismissing the original and amended bills, and granting the relief substantially as prayed for in cross-bill, to reverse which this writ of error was sued out.  The grounds alleged in the original bill for the relief therein prayed were, that said Cook, on November 2, 1876, agreed with the church, in consideration of the transfer to him of certain assets of the church, consisting of outstanding, unpaid subscriptions to be collected by him at his own risk, to assume and pay off said note and interest ; that said subscriptions were so assigned and transferred to him, and pursuant to said agreement he procured Keller, the payee of said note, to assign and deliver it and said trust deed to him, whereby the same were fully paid and satisfied so far as the church was concerned, but that, in violation of said agreement, Cook holds the note and trust deed, claiming to own the same, and retains and refuses to deliver up the same to the church and threatens to sell said property under the power in said trust deed to satisfy the debt.  Cook's answer denies any agreement as alleged, admits his possession of note and trust deed as assignee and purchaser thereof from Keller, on November 2, 1876, for $430.43, the amount then due, but avers it was not paid for the church but for himself as purchaser.  That the church being unable to then pay the debt, and Keller demanding such payment of respondent under a parol promise made in 1872 by respondent, to pay the debt to Keller if the church failed to pay, and the respondent being thereby personally responsible to Keller for such payment, he was obliged to and did so pay.  The proof shows that in 1875 Cook, as agent of the church, undertook to collect its assets

and apply such collections to the payment of this note; in the same year, the entire outstanding, uncollected assets of the church being subscriptions for the payment of the church debt, and amounting to more than the unpaid principal and interest due on said note, were placed in Cook's hands for the purpose of such payment, and he then received and promised to collect the same and so apply such collections. After this and prior to the time the note was assigned to him, he reported and consented to reports made from time to time to the church, in substance and effect informing the church its debt was provided for and it was virtually out of debt, and up to the time the trust deed was recorded (which was not until October 10, 1884,) he did not claim the church was in any way indebted to him, or demand payment of said note or disclose to the church or its officers that he held or claimed to own said note or trust deed, and the church, thus kept by Cook in ignorance of the assignment thereof to him, and confiding in him, placed out of its possession and in his hands the entire and only means it had for the payment of this note. He knew all this, yet during all the time he held this note, which he claimed to own as a purchaser in good faith, he retained possession of these assets, did not offer to surrender them or decline his agency, and admits he refused and neglected to collect subscriptions which he might have collected. Under these circumstances, Cook, by his cross-bill, invokes the aid of equity; such aid is rendered to those only who have obeyed its rules and enter its court with clean hands. The complainant in the cross-bill has not done this; having undertaken this agency he was bound to perform the duties thereof consistent with and not adverse to the interest of the church for which he was agent; as such he can not be permitted to neglect the collection of these assets and proper application of the sums collected, induce his principal by acts and reports to believe he was performing his duty as agent, secretly purchase this note, hold it as an interest-bearing indebtedness for years, and then enforce the payment of the principal and accrued interest; even if he undertook this agency without reward and commenced to perform the duties, he was bound to proceed and execute it with the

same diligence as if paid. Switzer v. Skiles, 3 Gil. 529. Text writers on agency and trusts, as also our Supreme Court, have laid down and enforced as rules applicable here, that an agent employed to settle a debt can not purchase it for himself, and one who agrees to act for another is not allowed to deal in the business of his agency for his own benefit, or to do an act having a tendency to interfere with the proper discharge of his duties. Story on Agency, Sec. 211. Story's Eq. Juris. Chap. 7, Secs. 315, 316, 317, *et seq.* Concerning the claim of Cook to be subrogated to the rights of his assignor, Keller, in the note and trust deed, because of the payment to the latter on November 2, 1876, of the amount then due under the verbal promise made in 1872, it is sufficient to say the promise was by parol, made without the knowledge or consent of the church, was void under the statute, and in no way changed or abridged the duty Clark owed to the church as its agent. From what has been said it follows the decree of the circuit court was erroneous, even if it be conceded the agreement, as alleged in the original bill, was not proven. Cook was not in equity entitled to recover anything upon the note under the evidence, and his cross-bill should have been dismissed. Under *proper allegations* in the bill the church, as the proof appears in this record, would be entitled to have the note and deed of trust canceled and surrendered to it. The decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.