National Union Building Association v. Brewer.

NATIONAL UNION BUILDING ASSOCIATION

v.

SIMEON W. BREWER.

*Landlord and Tenant—Recovery of Rent—Practice.*

1. A party to a given suit desiring to retain a judgment entered therein, loses his right thereto by participating in another trial.

2.   An agreement to surrender does not amount to a surrender; the act must accompany the agreement.

3.   The canceling of a deed will not divest property which has once vested by a transmutation of possession, and the rule applies to terms for years, as well as freeholds.

[Opinion filed July 23, 1891.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Hamline, Scott & Lord, for appellant.

Mr. Fred W. Story, for appellee.

Gary, J.   The appellant sued the appellee in assumpsit (as the statute permits) for rent accruing upon a lease under seal. The only dispute upon the facts is whether the relation of landlord and tenant had ceased, before the expiration of the term by efflux of time.

At the June term, 1890, the cause was tried *ex parte* and a judgment entered for the appellant.   At the August term an order was entered that the defendant have leave to plead, judgment to stand as security, and the case submitted to the court for trial without a jury.

At the October term an order (probably intended to vacate only the submission) was entered in terms vacating the August order.

In January, 1891, the case was called for trial, the appellant moved to strike the cause from the docket, on the ground that a judgment had already been entered.   This motion being denied a jury was called, and the appellant fought for a verdict, but the court instructed the jury to find for the defendant, which they did, and the court vacated the former judgment and entered judgment for the appellee, for costs.

If the appellant desired to retain that former judgment, it should have stood upon its right to it and refused to participate in another trial.   Prall v. Hunt, 41 Ill. App. 140. Its right (if it had any) to that judgment is forever gone.

On the merits, the defense, by the testimony of the appel-

lee, was that the secretary of the appellant brought to the appellee a Mr. Fleming, and wanted to know if the appellee would give up his lease; it wanted to rent to him for a term of years; that at the office of the appellant he paid rent to the end of January to the officers of the company; they wrote

"Canceled January 29, 1889.

The National Union Building Association,

F. N. Gage, President,

J. M. Chambers, Sec'y,"

across the face of his part of the lease and returned it to him; he verbally agreed to get out as soon as he could move, and that would take about two weeks; gave it a paper promising to pay Fleming $10 a day for every day he stayed after the first day of February, and moved out on the 14th.

As to some of these circumstances there was such conflict on the evidence put in by the appellant, that the case should have been left to the jury to find the facts, if the case presented by the appellee constituted a defense, but it did not. An agreement to surrender two or three days later is no surrender; the act must accompany the agreement (5 Bacon Ab. 657), and a sealed instrument can not be varied by an agreement not under seal. The cases to that effect are brought down in Balt. & Ohio v. Ill. Cent. R. R. Co., 27 N. E. Rep. 38.

It is familiar law that "the canceling of a deed will not divest property which has once vested by a transmutation of possession." Hatch v. Hatch, 9 Mass. 307; Co. Lit. 225 b, note. And it applies to terms for years as well as freeholds. Smith v. McGowan, 3 Barb. 404.

Assuming that the writing "canceled" upon the lease was the act of the appellant, as being done by officers having authority, upon which point we do not decide, yet it is but one of the circumstances from which an agreement by it to accept a surrender is to be made out, and such agreement, as before shown, does not affect the obligations incurred by the lease under seal. At most it only proves that the parties agreed, without seal, that their sealed contract should no longer be their contract.

When the appellant, either by accepting the keys or possession of the premises, turned the abandonment of them by the appellee into a surrender, should be left to the jury. Until, by operation of law, the transactions between the parties had the effect of an accepted surrender of the premises, the appellee is responsible for the rent. The rules of law can not be departed from to administer fireside equity in hard cases.

The judgment is reversed and the case remanded.

*Reversed and remanded.*