Whitesides v. Cook.

THOMAS V. WHITESIDES ET AL., TRUSTEES, ETC.,

V.

CYRUS L. COOK.

*Agency—Collection of Subscriptions Due Church—Purchase of Indebtedness of—Practice.*

1. Upon a second appeal, an appellate court will not consider questions passed upon and determined on a former appeal.

2. An agent employed to settle a debt can not purchase it for himself. One who agrees to act for another is not allowed to deal in the business of his agency for his own benefit, or to do an act having a tendency to interfere with the proper discharge of his duties.

[Opinion filed February 26, 1892.]

IN ERROR to the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for plaintiffs in error.

Mr. A. W. METCALFE, for defendant in error.

PHILLIPS, J.   This cause was before this court at the August term, 1886, and the opinion as filed is reported in 20 Ill. App. 574.   On the cause being remanded, an amended bill was filed to cancel the note and mortgage in the bill and cross-bill described.   The defendant to the original bill filed an amended cross-bill, and on answers being filed to the amended bill and amended cross-bill and replications thereto, the cause was heard. The evidence shows that Cook was one of the trustees and was active in the work of the church.   Numerous subscriptions had been procured which were sufficient in amount to pay off the church debt.   Henry L. Field was preaching in the church and procured certain subscriptions in Alton and at other places, and proposed to Cook that he would collect all that had been procured except those at Edwardsville, Troy and Bethel, if he, Cook, would collect those and see that the church debt was entirely paid off.   Cook assented to this, and Field collected and paid over all he promised to collect, and the subscriptions at Edwardsville, Troy and Bethel were turned over to Cook, who took possession of them and retained them up to the time of filing the original bill in this cause.   He reported and consented to reports made from time to time, that the church was substantially out of debt, and on October 18, 1876, wrote Field : "In reference to the matter of the church subscriptions, it is my intention to, if possible, have this all settled by the first of January.   Just at this time I can not act in the matter, as I am compelled, being a candidate, to take quite an active part in the political campaign."   On November 2, 1876, Cook purchased of one Keller a note that was the outstanding indebtedness of the church; that note was secured by a trust deed which was not recorded until October 10, 1884, and during all the time that has elapsed from the time of his purchase of the note he retained possession of the assets of the church, which was the subscription list to pay the debts of the church.   Within a short time prior to the purchase of the note, he stated that he expected to have it all settled by the first of January.   The evidence

shows that he accepted the subscription list and promised to collect the same, and see that the church debt was paid. When this case was before us heretofore we said: "Having undertaken this agency he was bound to perform the duties thereof, consistent with, and not adverse to the interest of the church for which he was agent; as such he can not be permitted to neglect the collection of these assets; and proper application of the sums collected induce his principal, by acts and reports, to believe he was performing his duty as agent, secretly purchase his note, hold it as an interest-bearing indebtedness for years, and then enforce the payment of the principal and accrued interest; even if he undertook this agency without reward and commenced to perform the duties, he was bound to proceed and execute it with the same diligence as if paid. Text writers on agency and trusts, as also our Supreme Court, have laid down and enforced as rules applicable here, that an agent employed to settle a debt can not purchase it for himself, and one who agrees to act for another is not allowed to deal in the business of his agency for his own benefit, or to do an act having a tendency to interfere with the proper discharge of his duties." The allegation of the cross-bill is substantially the same as to the facts alleged, and the same as to the relief prayed in the amended cross-bill now in this record as in the original cross-bill. The facts to sustain the cross-bill are substantially the same now as then, except that evidence is offered to show that certain persons whose names are on the subscription list held by Cook were at the time, and since, insolvent. Be that as it may, in the cause when before us, it was ordered in the opinion then filed that the decree of the Circuit Court be reversed and the cause remanded for further proceedings, in accordance with the views therein expressed.

In such case on a second appeal, where a certain mode of proceeding has been marked out in the opinion, and the direction is to proceed consistently therewith, any other mode of proceeding is excluded. Hook v. Richeson, 115 Ill. 431; Gage v. Bailey, 119 Ill. 539; Parker v. Shannon, 121 Ill. 452. It is said in Ogle v. Turpin, 8 Ill. App. 453, "It has been uni-

formly held by our Supreme Court and by the Supreme Court of the United States that on a second appeal those courts will not consider any questions which have been passed upon and determined by them on a former appeal, but that all such questions are to be regarded as *res adjudicata*," and in that case numerous authorities are cited as sustaining that proposition.

The first adjudication in this case by this court, fully determined and settled the rights of appellee under the cross-bill, and so far as that cross-bill is concerned, the only proceeding which was consistent with that opinion was that the court should, when the cause was remanded, dismiss the cross-bill. Parker v. Shannon, *supra*. The original bill was amended in accordance with the views suggested in the opinion in 20 Ill. App., and the court thereupon ordered that the complainants in the original bill should pay all costs up to that time. The litigation had been chiefly in reference as to whether there was anything due Cook, as alleged in his cross-bill and in his answer, and that having been adjudged adverse to him, it was error to order the complainants to pay all costs up to the time of the amendment; after that amendment to the original bill, and it having been adjudged that the trustees were not indebted to Cook, and that he had no claim against the church, it was error to not enter a decree as prayed in the amended bill under the evidence appearing in the record, and it was error to decree relief on the cross-bill and foreclose the deed of trust. The second decree entered by the Circuit Court is reversed, and the cause is remanded, with directions to proceed as indicated in Whitesides v. Cook, 20 Ill. App. 574.

*Reversed and remanded with directions.*