W. H. SISSON ET AL.

V.

JAMES H. PEARSON ET AL.

*Practice—Filing Replication Instanter—Interlineations on Face of Bond—Burden of Proof—Bill of Exceptions.*

1. A court, upon the coming up of a case for trial, has the discretion to allow the formal issue to be made *instanter* by the filing of a replication; and if any ground arises therefrom for a continuance, the defendant should file an affidavit and make it the basis of a motion to the court, otherwise the question can not be presented here.

2.   In this State the presumption is that an alteration appearing upon the face of a deed was made after the deed was executed, and the burden of proof is on the party presenting it to show that it was not, or to otherwise explain it.

3.   Questions not properly presented by the bill of exceptions can not be considered.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. C. F. GOODING, for appellants.

Messrs. HAMLINE, SCOTT & LORD, for appellees.

MORAN, J.   This is an appeal from a judgment rendered against appellant as surety on a bond. Four points are made in the brief against the judgment.

1st.   That when the case was called for trial no replications to defendants' pleas were on file, and that the court allowed replications, tendering issue of fact to be filed *instanter*, and then directed the trial to proceed.

This was not error.   The court had a discretion to allow the formal issue to be made *instanter*, and if there was any ground arising thereon which entitled appellant to a continuance, he should have filed his affidavit and made it the basis of a motion to the court. Having failed to show any reason why the case should be continued or postponed, appellant can not complain of the action of the court.

2d.   It is said there were erasures or interlineations on the face of the bond introduced in evidence by appellees; and that the court allowed said bond to go in evidence against objection without requiring an explanation of said erasures or interlineations.

The rule, as stated in several elementary books, is, that "alterations and interlineations appearing on the face of a deed are, in the absence of all evidence relating to them, presumed to have been made before the deed was completed.

Sisson v. Pearson.

7 Am. & Eng. Encyc. of Law, 90; 1 Greenl. on Ev., Sec. 604. But the rule is settled otherwise in this State. Here the presumption is that the alteration was made after the deed was executed, and it is for the party claiming under it to show it was not, or otherwise to explain it. Montag v. Linn, 23 Ill. 503; McAllester v. Avery, 17 Ill. App. 568. In this case, however, there is nothing in the bill of exceptions to show that there was in the bond introduced any alteration or interlineation whatever. The clerk has used a printed blank upon which to write a copy of the bond offered in evidence, and so as to make the copy has stricken out some of the printed words in the blank. The copy does not purport to be a *fac simile* of the bond, and there is no recital or statement whatever to show what, if any, changes or alterations appeared on the face of the bond as offered. The question which counsel seeks to make in argument is therefore not presented by the record.

3d. Complaint is made that the court allowed the amount of constable's costs to be stated in a bulk sum and without such costs being taxed by items.

No exception to the action of the court in that regard was preserved by appellant, and he can not be heard to question such action without such exception.

4th. Appellants' contention that no breach of the bond was shown is overcome by the evidence in the record. Proof was made that the case to appeal which this bond was given, was tried in the Superior Court, and that judgment was rendered therein against the party who took the appeal and that said judgment has not been paid.

There is no error and the judgment must be affirmed.

*Judgment affirmed.*