64 161
68 500
68 600
69 623
166s 221

64 161
91 557

## Simon W. Brewer v. National Union Building Association.

1. RELEASE—*What is Not Sufficient.*—Writing the word "canceled" across a lease by the officers of a building association is not, of and by itself, sufficient to release the tenant from paying rent.

2. FORMER DECISIONS—*As to Cases in the Appellate Court.*—For the lower court and for the Appellate Court on a second appeal, the decision on the first appeal is the law of the case.

3. APPELLATE COURT PRACTICE—*Insufficient Briefs.*—Upon a brief, that the several instructions asked should have been given, and that such proposition requires no citation of authorities, the Appellate Court is not required to examine the instructions in question.

4. MOTIONS FOR NEW TRIALS—*When Waived.*—A motion for a new trial is waived by the neglect of the party making it to present his reasons to the court for granting it.

5. Trials—*Parties Acting as their Own Attorneys.*—A party may conduct his own case without the aid of an attorney, but in so doing he is not relieved from observing the rules of proceeding which attorneys are required to observe.

6. Practice—*On Offers of Testimony.*—To make the exclusion of offered testimony error, the offer must state what the testimony is expected to prove.

Assumpsit, for rent. Appeal from Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

Allan C. & F. W. Story, attorneys for appellant.

Hamline, Scott & Lord, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee sued the appellant for rent. The case was here in 1891, and, with the title reversed, is reported in 41 Ill. App. 223.

In accordance with the opinion of this court as there reported, the court on the last trial instructed the jury that the word " canceled," written by the officers of the appellee across the lease, " was not of and by itself sufficient to release the " appellant from paying rent. In this there was no error.

First, because the law is so, if we had never decided it in the case as reported, and for reasons there stated; and second, because for the lower court and for this court on a second appeal, the decision on the first appeal is the law of the case, right or wrong. Field v. Brokaw, 40 Ill. App. 371; Central Warehouse Co. v. Sargeant, 40 Ill. App. 438; Whitesides v. Cook, 43 Ill. App. 183.

The brief of the appellant says " that the several instructions (which cover three pages of the abstract) asked by the defendant should have been given, and that this proposition requires no citation of authorities," and thus drops the subject.

We are not required to examine the instructions upon such a brief.

It might as well have .omitted any mention of them. Cook v. Moulton, 59 Ill. App. 428.

The appellant filed a motion for a new trial, for a page (in the abstract) of reasons, and supported by two pages (in the abstract) of affidavits, which was denied November 20, 1895. The record states that denial thus:

" Afterward, to wit, on the 20th day of November, A. D. 1895, and still of the said term, said motion for a new trial came on to be heard in its regular order, both parties being represented by counsel, said affidavits and said grounds of said motion for a new trial, however, were not, nor was either or any of them, read or called to the attention of the court, and said court denied the motion and entered judgment on said verdict in favor of the plaintiff and against the defendant, as elsewhere appears, to which said decisions of the court, and to each thereof, the said defendant by his said counsel did then and there duly except."

In Penn v. Oglesby, 89 Ill. 110, it is said that the practice of overruling a motion for a new trial *pro forma* " should not be indulged." There the *pro forma* part was the act of the court, and the party had the right to complain; here, it is the act of the party, and he has no right to complain.

The principle of Hintz v. Graupner, 138, Ill. 158, followed here in Hoffmann v. World's Col. Ex., 55 Ill. App. 290, and Geist v. Pollock, 58 Ill. App. 420, is applicable. *De non apparentibus et non existentibus eadem est lex.*

The court was right in refusing a new trial for which the appellant offered no reason. Ten days later he moved the court again to grant a new trial for the same reasons, which motion was not decided until December 7, 1895, when the attorney of the appellant presented an additional affidavit in regard to the movements of himself and his watch on the sixth day of November, 1895, which the court declined to hear, and overruled the motion.

In this was no error. The court was not to be so trifled with.

As the record was when originally filed here—and we

will treat it as yet so remaining—it appears that the case was tried November 6, 1895; that the noon recess was until 1:45 P. M.; that the appellant came, but his attorney did not; that the case of the appellant was not yet closed, and that the appellant took the witness stand, and the court said to the attorney of the appellee, "You may proceed to the jury," and the appellant said, "Can't I be permitted to testify, your Honor?" to which the court replied, "No, your attorney is not here, and we can't wait any longer," to which ruling the appellant excepted.

Undoubtedly a party may conduct his own case without the aid of an attorney, but he is not relieved from rules of proceeding which his attorney would be required to observe.

One of those rules is, that to make the exclusion of offered testimony error, the offer must state what the testimony is expected to be.    Gaffield v. Scott, 33 Ill. App. 317.

Here was no such offer.

We need not, therefore, pass upon the motion to strike out the amendment to the record, nor comment upon the great inconvenience of permitting one person to occupy at the same time the place of witness and advocate; thereby— unless he questions himself, in which case the questions would be always subject to the objection that they "suggest to the witness the answer desired" (1 Greenl. Ev., Sec. 434)—cutting off the opportunity of the adversary to keep out incompetent testimony.    No error was committed in denying to the appellant an opportunity to talk to the jury as a witness without restraint.

Logically there is no objection to the proceedings below open to the appellant on this record.

Any objections not included among the reasons assigned on the motion for a new trial were thereby waived; and the motion for a new trial was itself waived by the neglect to present reasons to the court for granting it.

There is no error, and the judgment is affirmed.