## Charles C. Landt et al. v. James C. McCullough.

1. EVIDENCE—*Lease Containing Alterations and Interlineations.*— Before a lease containing divers alterations and interlineations should be admitted to evidence, it should be shown that all material alterations or interlineations were made before its execution.

2. PLEADING—*Leave to Amend is Not in Itself an Amendment.*— Where a lease offered in evidence is objected to on the ground that there is a variance between it and the declaration, a mere leave to amend the declaration to make it correspond with the lease, does not amount to such amendment.

3. PRACTICE—*Offering Secondary Evidence Without Proving Service of Notice to Produce Original.*—It is error for the court to admit

purported copies of an original instrument in the possession of the opposite party, where there is no showing, beyond the mere statement of counsel, that any notice has ever been served upon the possessors of the instruments or their counsel, to produce the original documents.

4. Same—*Waiver of Objection to Action of Trial Court.*—It is the duty of a litigant, who on appeal complains of the action of the trial court, to call to the attention of that court in some way the reasons of his complaint; otherwise they are waived.

Assumpsit, on a lease. Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902.

Statement.—Appellee brought suit in assumpsit on a lease made by him, March 20, 1889, to James M. Stebbins, as lessee, for a term of fifty years, at an annual rental of $1,050, payable in equal quarterly installments of $262.50 each, on the first days of August, November, February and May in each year for the first sixteen years, which demises certain premises in the town of Lake, Cook county, Illinois, and contains, among other covenants, a covenant for the erection of buildings thereon by the lessee. The declaration, among other things, charges that the lessee on October 12, 1892, assigned the lease to the defendants in writing; that the lessor consented to such assignment, in accordance with the terms of said instrument in writing; that the defendants thereupon entered into the possession of said premises and undertook and promised to pay the rent, and that there was due to the plaintiff for rent of the demised premises the sum of $5,000. The plea was the general issue. The case was tried on the short cause calendar before the court and a jury, and the trial resulted in a verdict, directed by the court, in favor of appellee and against appellants for $3,750.50, upon the close of all the evidence, the appellants having offered no evidence, and judgment thereon, from which the appeal is taken.

Follansbee & Follansbee, attorneys for appellants.

E. W. Adkinson, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

It is claimed by appellee's counsel that the assignment of errors as originally made and the abstract of record were insufficient, and for this reason the judgment should be affirmed. The point is obviated by a new and sufficient assignment of errors and additional abstracts of record filed, by leave of this court, subsequent to the filing of appellee's brief and prior to the time the cause was taken by the court.

During the progress of the trial appellee's counsel offered in evidence the certain lease purporting to be made by the parties, alleged in the declaration, which was objected to by appellants' counsel, for the reason that there appeared upon the face of the lease divers alterations and interlineations which were then and there pointed out by counsel, and the lease was further objected to as evidence because the said alterations and interlineations were in no way explained. The objections were overruled by the court and an exception preserved. The ruling was, in our opinion, clearly erroneous. The alterations and interlineations seem to have been apparent on the face of the lease and were numerous, a statement of which would unduly extend this opinion. Many of them were material and before the lease should have been admitted in evidence it was incumbent on the appellee to show that all material alterations or interlineations were made before its execution. Hodge v. Gilman, 20 Ill. 437–41; Pyle v. Oustatt, 92 Ill. 209–13; Sisson v. Pearson, 44 Ill. App. 81–3, and cases cited.

The lease was further objected to by reason of a variance between it and the declaration, which was pointed out to the court, whereupon appellee's counsel asked leave to amend the declaration to correspond with the lease offered in evidence, which was allowed, but no amendment was made to obviate the variance. This also was error, the variance being a material one. City of Chicago v. Moore, 139 Ill. 201–9; R. R. Co. v. Wieczorek, 151 Ill. 579–83; Sinsheimer v. Skinner Mfg. Co., 165 Ill. 116–20.

In the further progress of the trial appellee's counsel stated

to the court that he had served notice upon appellants' counsel to produce at the trial two certain instruments or he would offer secondary evidence of the same. Appellee's counsel then asked appellants' counsel if he had said instruments, to which appellants' counsel and also appellants themselves stated that they did not have the instruments called for. Whereupon, against the objection of appellants' counsel, the court permitted oral evidence tending to establish an assignment in writing of the lease offered in evidence, and a written consent by the lessor to such assignment. The court also, against objection of appellants' counsel, permitted in evidence purported copies of the same. To all these rulings of the court exceptions were duly preserved. The rulings were, in our opinion, erroneous, in that there was no showing, beyond the mere statement of counsel, that any notice had ever been served upon appellants or their counsel to produce the original documents, purported copies of which were admitted in evidence, nor was there any showing that appellants or either of them ever had in their possession or control the alleged assignment of the lease or the alleged written consent thereto. Matteson v. Noyes, 25 Ill. 591; Bishop v. Am. Preservers' Co., 157 Ill. 284–307; 1 Greenleaf on Evidence, 560; 1 Jones on Evidence, 218.

For appellee it is claimed that a certain bond offered in evidence, signed by appellants, independent of the evidence above objected to, shows that the lease sued on was assigned by the lessee, Stebbins, to appellants, but we think the contention is untenable. The recital in the bond referred to states that the lease, describing it, was "assigned by said Stebbins to said Landt and Moore," but it fails to show whether the assignment was in writing. The allegation of the declaration is that the assignment was in writing, and consequently this proof would be insufficient to sustain the declaration.

Appellee's counsel further claims that the motion for a new trial was waived by appellants' counsel on the hearing. The bill of exceptions shows, in substance, that at the close

of the evidence the court instructed the jury to render a verdict in favor of appellee for $3,937.50, whereupon appellants' counsel said, "I enter a motion for a new trial," and the court then stated, "I will dispose of the motion for a new trial now." Counsel for appellants then stated, "I do not think I care to urge the reasons that I have upon the court further than to say that the evidence does not entitle them to recover any verdict, from the state of facts." The following then occurred:

"The Court: I will hear your reasons now.

"Mr. Follansbee: I think I will not urge my reasons for a new trial on the court, for fear that you will grant it."

Appellee's counsel then moved for judgment, and the court stated: "If that is all to be said on the motion for a new trial, the motion will be overruled." Then follow copies of certain exhibits offered in evidence during the course of the trial, an instruction directing a verdict for the appellee, and an instruction asked by appellants, which was refused, the exceptions of counsel to the court's rulings, and a statement of the verdict rendered by the jury. Then follows a further statement that the "defendants, by their counsel, then and there moved the court to set aside the verdict so rendered, and grant a new trial of the cause, and filed the following reasons in writing for their motion." Then follows appellants' motion for a new trial, setting out nine different reasons why a new trial should be granted, following which is a statement that the court denied the motion and gave judgment on the verdict against the defendants, with the usual and formal conclusion of a bill of exceptions, signed and sealed by the trial judge. There appears upon a wrapper attached to and following the written motion and reasons for a new trial an indorsement of the number and title of the cause, also the following: "Assignment of Errors;" also in pencil the following: "Filed Apl. 24, 1901. John A. Linn, Clerk." There is nothing else in the bill of exceptions from which it can be certainly told when the motion for a new trial and reasons therefor were filed, and when the court, in fact, took

action thereon. Appellee's counsel, in their brief, state that the motion in writing for a new trial and reasons were filed on the 24th of April, 1901, but there is nothing in the record on which to base this claim, except the pencil indorsement upon the wrapper, as above stated, which purports to be an "assignment of errors,"—not the motion for new trial. There is no certificate of the clerk that this motion was filed on the 24th day of April, 1901, but the contrary is stated, viz., that when the jury rendered its verdict, which was on April 22, 1901, counsel "then and there moved the court to set aside the verdict and filed the following reasons in writing for their motion." Twice before this it appears in the bill of exceptions, inferentially, by statements of both counsel, that the reasons for a new trial were before the court when it was stated by the court that the motion would be overruled. Counsel for appellants stated that he would not urge his reasons for a new trial, and counsel for appellee moved for judgment upon the verdict. It is well settled that a bill of exceptions is the pleading of the party presenting it, and must be taken most strongly against him. We are of opinion, after a full and careful reading of the bill of exceptions in this regard, the substance of which has been set out, that the court at the same time, and immediately following the rendition of the verdict, had before it the motion for a new trial, and reasons therefor, and that appellants' counsel, at the same time, stated to the court the language hereinabove quoted, which we think is a clear waiver of all errors of the court complained of. They are now asking a court of review to do precisely what they would not ask the trial court to do for fear it would grant their request, viz., give them a new trial. They should not and will not be permitted in this court to ask relief which they, when called upon by the trial court to state their reasons on which they claimed such relief, declined so to do. Counsel should have given the trial court the benefit of argument upon the motion for a new trial, or at least have stated his reasons therefor when

called upon by the court. It can not aid appellants that the common law record shows the motion for new trial was overruled " after arguments of counsel." The bill of exceptions must control.

Counsel have cited no case deciding the precise point here presented, nor have we, in the time at our disposal, found such a case; but the following cases are to the effect that it is the duty of a litigant, who on appeal complains of the action of the trial court, to call to the attention of that court in some way the reasons of his complaint; otherwise they are waived. Jones v. Jones, 71 Ill. 562; Brewer v. Nat. N. B. Ass'n, 64 Ill. App. 161–4; Ry. Co. v. Van Pelt, 68 Ill. App. 583–5.

Notwithstanding the errors of procedure indicated, we think they are waived, and the judgment is therefore affirmed.