Taylor v. Roby.

DOUGLAS S. TAYLOR

v.

EDWARD ROBY.

37 147
69 623

*Practice—Disqualification of Juror.*

1. The employment of a juror in a given case during the temporary suspension thereof, in the trial of one or more causes before another judge in the same court, will not disqualify him to resume the trial of the case sus-

pended, where the party complaining knew of such employment and made no objection.

2. Where the affidavit in such case fails to show that the causes engaged in were of a character likely to influence such juror against the party complaining, the presumption will be to the contrary.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. BOOTH & BOOTH, for appellant.

Mr. WOLFRED N. LOW, for appellee.

GARNETT, J.   After this case had been on trial for several days in the Circuit Court, it was suspended during the 18th day of November to enable the court to dispose of certain cases on the short cause calendar.   On that day, as appears from appellant's affidavit, which was read on the motion for a new trial, one of the jurors in the case was employed in the trial of one or more other cases before another judge in the same court, and that it is said to have disqualified the juror to resume the consideration of this case on November 19th. What was the nature of the one or more causes in which the juror was improperly engaged, and whether there was any defense made in either of those trials is not stated. Whatever is consistent with the fact set up by appellant and unfavorable to his motion, we must presume to be true.   The trials of November 18th may have been of the most formal character, such as assessing the damages in actions on promissory notes, the defendants not appearing.   If they were more serious appellant would doubtless have disclosed the fact in his affidavit, and his failure to do so must be taken as an admission adverse to himself.

If there is any merit in the affidavit it must arise from the supposed diversion of the juror's thoughts from the facts in appellant's case; yet there can be no doubt that during the recesses of the court a juror impaneled in a cause on trial may

attend to his business affairs, read a novel, engage in a political or philosophical debate, or attend church, without impairing his qualification to continue his duties as a juror, and either of these things would have quite as sure a tendency to turn his attention from the facts of the case as listening to an attorney in the reading of a promissory note, and answering the question of the judge as to whether he was content to render a verdict for the plaintiff.

But whatever may have been the nature of the trial of November 18th, there is another reason why the affidavit is ineffectual. It does not deny that appellant or his attorney knew of the juror's employment therein at the time, or before this verdict was rendered. In case of such knowledge speculation upon the result would not be permitted, but the attention of the court should have been directed to the matter at once. The party moving against the verdict on the ground of such disqualification of a juror, should show affirmatively that neither he nor his counsel knew the fact before verdict rendered. Cogswell v. The State, 49 Ga. 103; Thompson on Trials, Sec. 2620. A review of the evidence in the case will not be undertaken. It was of the most contradictory kind, with more or less corroboration for each of the parties to the suit, making a case, so far as the facts are concerned, that the verdict of a jury is always held to conclusively determine.

The judgment is affirmed.

*Judgment affirmed.*