## A. S. Berkowsky v. R. A. Viall.

66 349
70 180
66 349
79 32
66 349
85 495

1. Contracts—*Construction of Statute of Frauds.*—Appellee, who was furnishing materials to a contractor, apprehending trouble, called upon the owner and informed him that he would furnish no more materials unless he (the owner) would secure him. The owner answered, "All right, you go on and furnish the necessary materials to finish the building and I will see that you get your money for what you put in here." Relying upon this, the appellee furnished the material necessary to finish the building. *It was held* that the contract was not within the statute of frauds, but that a recovery could only be had for materials furnished subsequent to the making of it.

2. Statute of Frauds—*Defense of, Must be Made in the Court Below.*—The defense of the statute of frauds must be made in the court below; it can not be raised for the first time in the Appellate Court.

3. Instructions—*To Find for the Defendant—When Properly Refused.*—An instruction to find for the defendant is properly refused where the evidence of the plaintiff is sufficient, if believed, to base a verdict upon.

Assumpsit, for materials furnished. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

Weigley & Eastman, attorneys for appellant.

John C. Trainor, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

The appellee brought suit against the appellant to recover for the value of materials which were used in the construction of a building being erected for the appellant, and recovered a judgment for $233.15, and this appeal is from such judgment.

The agreement originally made by appellee to furnish the materials was with persons who had contracted to put up the building for appellant, and the delivery of such materials seems to have begun about May 1, 1890, and to have continued until in September of the same year.

According to appellee's testimony, he, about the middle of June, apprehended trouble in getting his pay from the contractors, and on June 18th, went to see the appellant at the building, and told him that he would not furnish any more materials unless he, appellant, would secure him; that appellant answered him, by saying, " All right, Mr. Viall, you go on and furnish the necessary material to finish the building, and I will see that you get your money for what you put in here, and also what is necessary to finish the building;" and that, relying upon appellant's statement, he went on and furnished the material necessary to finish the building.

On the trial, evidence of materials furnished before June 18th, was objected to and excluded, and, at the instance of the appellant, the court instructed the jury that no recovery could be had for any material furnished prior to that date.

The only witnesses who testified were the appellant and appellee, and the former explicitly denied ever having had any such conversation with the appellee as was testified to by him, and denied having known him at all in the transaction.

But the jury evidently believed the appellee and disbelieved the appellant. Their verdict in such regard having been approved by the trial judge, may not be questioned by us. We therefore regard the question as settled that the appellant agreed as appellee testified.

The affidavits read upon the motion for a new trial, which tend to dispute the truth of appellee's testimony regarding a subsequent payment, said by appellee to have been made to him by appellant, personally, when, according to such affidavits, it was made through one of the original contractors, should not be regarded as newly discovered evidence, even if it were material. This was a second trial of the cause. The verdict on the former trial differed from that on this one by only fifty-one cents, and there is nothing in the record indicating but that substantially the same evidence was heard upon both trials.

Had it been different, it would have doubtless been made

Berkowsky v. Viall.

so to appear, but the appellant has in no way caused it to be done, not even by affidavit, that lie was taken by surprise by the evidence of appellee concerning such matter.

It is urged that if there was any undertaking of appellant, it was to pay the debt of another, and within the statute of frauds because not in writing.

We agree with counsel for appellant, that the declaration was in form such as did not require the statute of frauds to be specially pleaded as a defense.    Durant v. Rogers, 71 Ill. 121.

The point that the agreement to pay for the materials furnished subsequent to June 18th, was within the statute, was not made below by instruction or otherwise.    The question was made as to the materials furnished before that date, and was sustained by the court by excluding all evidence as to such materials, and also by the instruction, already alluded to, that the appellee was not entitled to recover for any such. But had the point been made below, and not on appeal for the first time, we do not think it is a tenable one.    Whether or not there was an original and independent agreement made on June 18th between the parties, and one, therefore, that need not be in writing, was a question fairly before the jury.    As a matter of law, the statute of frauds was not involved as to subsequently furnished materials, if the appellee's version of an original agreement made that day were true, and the jury having found that the appellee told the truth in that matter, the point, even if not made here for the first time, would have to be held against the appellant.

The first instruction asked by appellants to find for the defendant was properly refused, for the reason that the plaintiff's testimony was sufficient, if believed, to base a verdict upon.

The eighth instruction was also properly refused.    Every principle therein contained that was applicable to the case, where there was but one witness on a side, was embraced in the fifth instruction that was given.

The judgment of the Circuit Court is affirmed.