## Otto Niedner et al. v Harry Friedrich.

1.  NEW TRIALS—*Grounds for, Not Stated are Waived.*—Where the
reasons given for a new trial fail to show any objection to the admission
of certain testimony, the admission of such testimony can not be ques-
tioned on appeal.   A party will be held to have waived all causes for a
new trial not set forth in his written grounds therefor.

2.  STATUTE OF FRAUDS—*Waiver of, After Filing Pleas.*—Where
pleas setting up the statute of frauds were filed, but were never called
to the attention of the court, and no allusion was made to the statute as
a defense while the evidence of the agreement sued on was being put in,
nor any objection made to the reception of any testimony, such defense
will be deemed waived and will not be considered on a motion for a new
trial.   Persons intending to rely upon the statute can not postpone that
reliance until after verdict.

Assumpsit, for labor.  Appeal from the Superior Court of Cook
County; the Hon. W. G. EWING, Judge, presiding.   Heard in this court
at the March term, 1897.   Affirmed.   Opinion filed March 29, 1897.

LOESCH BROTHERS & HOWELL, attorneys for appellants.

PINCKNEY & TATGE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
Upon conflicting evidence a jury has found that the
appellants, a firm composed of a father and two sons, junk

dealers, took the business and stock of another son, separately engaged in the same line, under an agreement with him to pay his debts, and that among those debts was the one upon which the appellee has recovered in this suit.

On the trial the wife of the last mentioned son was admitted as a witness for the appellee.

This was error and duly excepted to; but in the motion for a new trial the point was omitted, and thereby waived. Brewer v. Nat. Un. Bldg. Ass'n, 64 Ill. App. 161, and cases there cited in connection with Hintz v. Graupner, 138 Ill. 158.

By consent the court charged the jury orally—how is not shown.

On the motion for a new trial, for the first time, so far as the record shows, the statute of frauds was presented as a defense, for, although pleaded, it does not appear that the attention of the court was ever called to the pleas. No allusion to it was made while the evidence of the agreement was being put in, nor any objection made to the reception of any testimony except as before stated.

The statute of frauds is a defense easily waived. Beard v. Converse, 84 Ill. 512.

If the appellants intended to rely upon the statute, they should not have postponed that reliance until after verdict.

They naturally hoped that the verdict would be in their favor, without resorting to that defense, which is not a popular one; but they may not speculate upon the chances. Taylor v. Roby, 37 Ill. App. 147.

This view relieves us from considering the applicability of the statute—a question involved in a maze, compared with which the labyrinths of antiquity were king's highways.

There is no error, and the judgment is affirmed.