## Margaretha Dovenmuehle, Executrix, etc., v. Herman Eilenberger.

1. STATUTE OF FRAUDS—*Applied.*—The court discusses the evidence and holds that the agreement sued on is a promise to answer for the debt of another and that not being in writing an action upon it is barred by the statute of frauds.

**Assumpsit,** on a guaranty. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

ALBERT N. EASTMAN, attorney for appellant.

SIGMUND ZEISLER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant argues that the peremptory instruction of the court to find for the defendant—the appellee—was contrary to the opinion of this court in Berkowsky v. Viall, 66 Ill. App. 349. There is no resemblance between the cases. The recovery there was upon the express promise (as the jury found in effect) to pay for goods which the appellee declined to furnish except upon that promise; and no men-

tion was made in the court below of a defense under the statute of frauds. Whether the contractors were by the parties regarded as also liable or not does not appear in the report. The case is much like Clifford v. Luhring, 69 Ill. 401, and Schoenfield v. Brown, 78 Ill. 487.

Here the whole conversation upon which the appellant relies was on the subject of a guaranty, and the attorney of the appellant, on the trial called his action one for "five hundred dollars, which we claim was guaranteed here."

The case as presented by the appellant is that the brother of the appellee wanted to buy goods from the appellant— that the appellant wanted security, and that the result of a conversation between the parties was—as the appellant described it in his testimony," an understanding I would submit a writing, and that the writing was to be the evidence of the security or guaranty that would give his brother credit."

Incautiously the appellant sold and delivered the goods without getting the writing, and then the appellee refused to sign it.

The case is governed by the rule followed in Geary v. O'Neil, 73 Ill. 593.

The statute of frauds is a complete defense, and the judgment is affirmed.