WASHINGTON SANFORD *et al.*

*v.*

SARAH C. DAVIS.

*Opinion filed October 19, 1899.*

1. APPEALS AND ERRORS—*defense of Statute of Frauds cannot be first raised on appeal.* The Statute of Frauds cannot be relied on in the Supreme Court when not pleaded or urged upon the hearing.

2. SPECIFIC PERFORMANCE—*when specific performance of verbal contract to convey will be decreed.* Specific performance will be decreed of a verbal agreement by a father to convey land to a child if the latter will live upon and improve it, where, in reliance upon the promise, the child takes possession, pays the taxes and makes lasting and valuable improvements on the property.

3. EVIDENCE—*when evidence of previous gift of land by mortgagor is competent on foreclosure.* Testimony of a daughter that her father gave her certain land and a deed of it, which she returned to him on the representation that otherwise the property might be taken for the debts of her husband, is competent, as against the father, in a proceeding to foreclose a mortgage subsequently given by him on the land.

4. DEEDS—*title passes on delivery of deed though the deed is returned to grantor for an outside purpose.* Title passes upon delivery of a deed by a father to a daughter, although the latter returned it upon the representation that otherwise the land could be taken for the debts of her husband.

5. MORTGAGES—*when mortgage is subject to title of occupant of premises.* A mortgage executed by a father upon land previously given by him to his daughter, and upon which she resided, is subject to her title, where the mortgagee knew of her occupancy under claim of title, and the father, at the time of the gift, was not indebted.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. FRANK K. DUNN, Judge, presiding.

EVERHART & DECIUS, for plaintiffs in error.

LOGAN & GREATHOUSE, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a writ of error brought by Washington Sanford and J. R. Harrison, executors of the estate of Moril Sanford, deceased, and David Baughman, to reverse a

decree· of the circuit court of Cumberland county obtained
by Sarah C. Davis against them, wherein a foreclosure
proceeding instituted by said executors against David
Baughman was vacated and a certificate of purchase set
aside, and Baughman was decreed to convey the land in-
volved in the proceeding, to-wit, the south-east quarter
of section 7, township 9, range 11, in Cumberland county,
to Sarah C. Davis.

The facts out of which this litigation arose are, briefly,
as follows: In 1867 David Baughman owned 2300 acres
of land. His daughter, the defendant in error, married
James Davis. Soon after the marriage Baughman turned
over to his daughter 240 acres of land. Eighty acres were
in Clark county and in cultivation, and upon which were
erected a log house, stable, smoke-house, and a well had
been dug. The other tract consisted of 160 acres of unim-
proved prairie land in Cumberland county, enclosed by a
fence with another quarter section of land lying south of
it. Mrs. Davis, with her husband, moved on the 80-acre
tract in Clark county, and she also took possession of the
other tract of 160 acres in Cumberland county. They built
a fence on the south line of the quarter, erected a house,
barn and other out-buildings, set out an orchard, dug a
well, and made other improvements at a cost of $2500.
In 1873 they moved on the quarter section, and they
have resided on it ever since, and from year to year paid
all the taxes assessed on the land, Mrs. Davis claiming
the land as her own. Four or five years ago Baughman
sold the 80-acre tract in Clark county, and that tract is
not involved in this proceeding. On the 10th day of Sep-
tember, 1879, Baughman mortgaged the 160-acre tract in
Cumberland county to Moril Sanford to secure the pay-
ment of $1600. In 1894 this mortgage was taken up and
Baughman gave a second mortgage to Sanford for $5724.
Shortly after this mortgage was given Sanford died. At
the August term, 1897, of the Cumberland county circuit
court Washington Sanford and J. R. Harrison, executors

of the estate of Moril Sanford, foreclosed the mortgage
last above described, but Sarah C. Davis was not made
a party.   Under the decree of foreclosure the land was
sold on the 15th day of October, 1897, and purchased by
Sanford and Harrison, executors, and this bill was filed
by Sarah C. Davis to set aside the foreclosure proceed-
ings and the master's certificate of purchase as clouds
on her title.   Baughman was made a party to the bill,
and the complainant prayed that he be required to con-
vey the land to her by proper deed of conveyance.   On
the hearing on the pleadings and evidence the court en-
tered a decree as prayed for in the bill.

The Statute of Frauds was not pleaded or in any
manner relied upon on the hearing in the circuit court,
and it cannot be relied upon here.   The law is well set-
tled in this State that where a father makes a verbal
agreement with a child to convey to such child a tract of
land if the latter will enter and live upon the land and
improve it, and the child enters upon the land in reliance
of the promise and makes lasting and valuable improve-
ments, a court of equity will decree the specific perform-
ance of such a contract.   *Irwin* v. *Dyke,* 114 Ill. 302, and
cases cited.

It is fully and clearly established by the evidence that
in 1867 David Baughman turned the land in controversy
over to his daughter, Sarah C. Davis; that she and her
husband entered upon it, improved it and have resided
upon it since 1873; that they paid all taxes assessed on
the land, and that Mrs. Davis has, from the time she
entered upon it, claimed the land as her farm, and that
it has been known and recognized by all persons in the
neighborhood as the Davis farm.   When the land was
turned over to Mrs. Davis it was fenced in with another
quarter section joining it on the south, but in other re-
spects it was wild, unimproved prairie land.   The Davis'
ran a fence between the two quarters, broke the land
and erected valuable improvements thereon, which were

worth from $2000 to $2500. Baughman, whose deposition was taken on behalf of the defendants, admitted in his evidence that he always intended that his daughter should have the land. He further admitted that he had made out deeds to his children for lands given to them, including Sarah C. Davis, but that the deeds were not delivered and were subsequently destroyed. The complainant testified, and her evidence was competent as against Baughman, that he gave her the land and that he handed her a deed for the same, but she returned the deed, as they made her believe it might be taken for the debts of her husband. If her evidence was true,—and it is not impeached,—the title passed by the deed although it was returned. Venson Swim, a witness who resides near the land, testified that Mrs. Davis has occupied the land since 1872, and that it was known as her farm. He further testified that over twenty years ago David Baughman in a conversation said that Mary, his daughter, took the south half of the half section and that he gave the north half of the half section (the quarter section in dispute) to Sarah C. Davis. Indeed, the evidence shows beyond question that Baughman gave the land to the complainant, and that in pursuance of the gift she went into the possession as early as 1872, and that she has occupied the premises as a home and residence ever since, making valuable improvements and claiming the land as her own. When Moril Sanford took a mortgage on the land from David Baughman the complainant was in possession claiming title, and her possession was notice to him of her rights and title in the property, and the mortgage was subject to her title. Moreover, when the mortgage was given, the mortgagee, Sanford, resided in the same neighborhood and knew that complainant was occupying the land claiming title. Knowing these facts he took subject to her title. When the gift was made Baughman was a large landholder and was not indebted, and, so far as appears, the gift to the complainant was a

reasonable provision, which, under all the circumstances, he had the right to make.

After a careful consideration of all the evidence we are satisfied the decree vacating the mortgage and the certificate of sale made by the master, and requiring David Baughman to execute a deed, was correct, and it will be affirmed.

*Decree affirmed.*