### GOMER E. HIGHLEY

*v.*

### SOPHIA G. METZGER, Exrx.

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*when expression of opinion by the court will not reverse.* A remark by the court which might be construed as an expression of opinion as to the force or effect of evidence is not ground for reversal, if it is apparent from the evidence that with or without the remark the verdict of the jury could not have been otherwise than it was.

2. SAME—*Statute of Frauds cannot be first availed of on appeal.* The defense of the Statute of Frauds cannot be considered on appeal when not pleaded in the court below or raised by objecting to the evidence or taking exception to the instructions, or otherwise.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

This is an action in assumpsit, brought on August 8, 1898, by appellee, as executrix of the will of William G. Metzger, deceased, against appellant to recover a debt of $10,000.00 and interest, which had become due from appellant to the deceased in the lifetime of the latter. The declaration consisted of the common counts. The pleas were non-assumpsit and set-off, but the latter plea,

after replication had been filed thereto, was withdrawn. The jury rendered a verdict for appellee, the plaintiff below, in the sum of $10,800.00, and, after a motion for a new trial had been overruled, judgment was rendered upon the verdict. An appeal was taken from this judgment to the Appellate Court where the judgment has been affirmed. The present appeal is from the judgment of affirmance so entered by the Appellate Court.

The deceased, William G. Metzger, who died testate on June 8, 1898, was, for a number of years before his death, the secretary or secretary and treasurer of the Metzger Linseed Oil Company of Chicago. The appellant, Highley, was also connected with the same company during the same time. After Metzger's death Highley was elected secretary of the Metzger Linseed Oil Company. The property and business of that company were, on January 1, 1899, sold to the American Linseed Oil Company, and appellant, Highley, was elected secretary of the last named company; but the accounts of the Metzger Linseed Oil Company were not sold to the American Linseed Oil Company, the Metzger company remaining the owner thereof. One Simpson, a former book-keeper of the Metzger company, retained possession of the books, check-stubs, receipts, bills, checks and everything belonging to the Metzger company, and was collecting the accounts of that company. At the time of the trial Simpson was acting as auditor for the American company. On April 8, 1897, Metzger, as secretary and treasurer of the Metzger company, drew a check for $10,000.00 in favor of appellant, Highley, and delivered it to him. At that time Metzger had a credit on the books of the Metzger company for more than that sum, and the sum so drawn was charged to Metzger's private account. Metzger paid the amount of the check to the oil company. The amount of this check was never re-paid to Metzger by appellant in his lifetime, and is the amount of money for the recovery of which the present suit has been brought.

More than four days before the trial below, appellant was served with a *subpœna duces tecum* to produce on the trial the check for $10,000.00, the books of the Metzger oil company, in use in April, 1897, the stub check-book showing the stub of the check, and the cash book and general ledger. It was proven that, when the subpœna was served upon appellant, he admitted that he had the custody of these books and papers, and promised that he would produce them, stating that Simpson had the key to the vault containing the books, but that he, appellant, could get them without Simpson. The books, checks, stub-book, etc., were not produced by the appellant, and, upon the trial, the court permitted the introduction of secondary evidence of the contents of the books and check. A sworn copy of the personal account of William G. Metzger with the Metzger Linseed Oil Company was put in evidence showing a charge against him on April 8, 1897, of $10,000.00.

WILLIAM W. GURLEY, and HORACE G. STONE, for appellant.

LOESCH BROS. & HOWELL, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The questions involved in this case are almost entirely questions of fact. They are settled by the judgments of the circuit and Appellate Courts. The judgment of the Appellate Court, affirming, as it does, the judgment of the circuit court, is a final adjudication, so far as we are concerned, upon these questions of fact. No error is assigned by appellant as having been committed by the trial court in the giving or refusal of instructions. Only two points are presented in the argument of counsel for appellant, which are proper for our consideration; and these relate to the rulings or remarks of the trial court in regard to certain portions of the evidence.

It was not denied on the part of appellant upon the trial below, that the check for $10,000.00 was delivered by the deceased to the appellant, and that appellant obtained the money upon that check from the bank upon which it was drawn. It is claimed, however, upon the part of the appellant, that the money represented by the check was paid to him on account of the purchase by the deceased of certain stock in the C. L. Pullman Center Vestibule Car Company. There seems to be some confusion and inconsistency in the claim of the appellant in reference to this stock, it having been insisted upon the trial below that he sold the stock to the deceased and received the $10,000.00 in payment for it, and it being insisted in the argument now addressed to this court that appellant used the $10,000.00 in the purchase of the stock as agent for the deceased Metzger.

The first objection, made by appellant's counsel, is that, when he was cross-examining one of the witnesses of the appellee upon the question whether or not the deceased Metzger owned the stock in question, the trial court made a remark, embodying an opinion of the court itself as to the force and effect of the evidence upon this subject. Complaint is made, that the action of the court in this regard tended to prejudice the minds of the jury against the appellant, so far as this part of the testimony was concerned.

Appellant's counsel had called out from the witness, upon the cross-examination, five statements to the effect that the deceased never owned or had any interest in the stock in question. Objection was made by counsel for appellee, that the witness had already made answer to the questions propounded to her upon this subject, and that further questions were unnecessary as being a mere repetition of what had already been said. The remarks of the court were not intended to express any opinion upon the bearing or force of the evidence of the witness, and had no further or other meaning than that

the answers already given were sufficient, and that, therefore, further answers to the same questions were unnecessary. (*Chicago City Railway Co.* v. *McLaughlin*, 146 Ill. 353).

If, however, the language of the court is capable of the construction claimed for it by counsel for appellant, it is not necessary to reverse this case for the error committed by the court in making the remark complained of, because it is apparent that appellant suffered no injury from the remark.

In *Chicago and Eastern Railroad Co.* v. *Holland*, 122 Ill. 461, we held that, where a remark of the character, which is here complained of, was made by the court, it would not be ground of reversal, if the reviewing court could see that the party complaining suffered no injury because of it.   It will be manifest to the court, that no injury has been suffered by the complaining party in such a case, when, either with or without the making of the remark complained of, the verdict of the jury could not have been otherwise than it was; and, had it been otherwise, would have been set aside by the court.   (*Gray* v. *Merriam*, 148 Ill. 179, and cases there cited).

The fact, that the money paid by deceased to appellant, was not so paid for the purpose of procuring the stock in question, or for the purchase of such stock, was established by an overwhelming preponderance of the evidence.   Three witnesses upon the trial swore that, after the death of the deceased, the appellant admitted that he owed the $10,000.00 to the deceased, and acknowledged his indebtedness in that amount to the deceased, and promised to pay the same to his executrix.   If the appellant was thus individually indebted to the estate of the deceased for the $10,000.00, he did not receive it as a payment for the sale of stock to the deceased.   In addition to this, appellant's counsel, by cross-examining one of appellee's witnesses upon a subject which was not proper cross-examination, established the fact, that the deceased never had any interest in this stock.   Appellant

187—16

himself did not testify, that the money was advanced to him by the deceased for the purpose of investing it in the stock of the Pullman Car Company. Moreover, the original certificates of stock issued by the Pullman company were introduced in evidence. They were issued to the appellant, and not to the appellee. It is true, that there were assignments of the certificates of stock endorsed thereon, purporting to transfer the same to the deceased, but these assignments were signed by the appellant. There were no endorsements of any kind upon the certificates of stock, or upon the books of the Pullman company by the deceased. And yet it appears, that these certificates of stock were taken up and surrendered, and that the Pullman Car Company was re-organized, and new certificates were issued in the place of the certificates thus surrendered. The proof shows, that these new certificates were issued, not to the deceased, or his representatives, but to the appellant, and that they were in the possession of appellant at the time of the trial. This would not have been the case, if the deceased, instead of the appellant, had been the owner of the stock. It thus appearing by the overwhelming weight of the evidence, that the deceased had no interest in this Pullman stock during his lifetime, the verdict of the jury could not have been otherwise than it was under the legitimate evidence introduced in the case, even if the remark of the court is to be regarded as improper. Therefore, the appellant suffered no injury.

Counsel for appellee asked the appellant during his cross-examination, whether he received the money upon the check which was given to him by the deceased, and he answered that he did receive it. Counsel for appellant upon the re-direct examination then asked the witness what he did with the money thus received. Counsel for appellee objected to this question, and the objection was sustained. The ruling of the court in sustaining the objection thus made is assigned as error. We are of the

opinion, that the court committed no error in this regard, because it was immaterial what the appellant did with the money of the deceased after he received it. The question was whether he received it or not. If, as is claimed by the appellee, it was a loan by the deceased to Highley, the question, what Highley did with the money after the loan was made to him, was altogether immaterial. So, also, if the contention of the appellant is correct, that Highley received the money in payment for stock sold to the deceased, it would be immaterial what he did with the money received upon the sale of such stock.

Appellant makes several other points which cannot be considered, because they do not appear to be properly raised upon the record. For example, it is urged that, if appellant agreed to pay $10,000.00 to the executrix of Metzger's estate, he thereby agreed to discharge an obligation, which was due to the estate from the Pullman Car Company; and it is said that, inasmuch as the promise thus made was a promise to pay the debt of a third person, it should have been in writing, and, not having been in writing, is void under the Statute of Frauds. We find no evidence whatever in the record sustaining the position, that any promise was made by appellant to pay a debt due to the estate from the car company. But, if there was such evidence, it is well settled in this State, that a party, who would avail himself of the Statute of Frauds as a defense, must plead it. (*Sanford* v. *Davis*, 181 Ill. 570; *Beard* v. *Converse*, 84 id. 512). Here, there was not only no plea setting up the Statute of Frauds, but no objection was made to the evidence, nor any exception taken to the instructions, by which the question could be raised in the court below. It cannot be raised for the first time here.

For the reasons above stated the judgment of the Appellate Court is affirmed.       *Judgment affirmed.*