## Thomas Rozenski v. F. J. Dewes Brewery Co.

1. Admissions—*Of Joint Liability by Failing to Plead, etc.*—A defendant, by failing to plead a non-joint liability, admits his joint liability, and leaves to the plaintiff merely the burden of proving the liability of the other parties.

2. Pleading—*The Statute of Frauds.*—While it is not necessary to plead the statute of frauds to a declaration consisting only of the common counts in order to set it up as a defense, when it is necessary to plead it, it should clearly appear that the statute is relied upon.

3. Appellate Court Practice—*When the Statute of Frauds Can Not be Raised in the Appellate Court.*—Where the statute of frauds is not raised in the trial court, it can not be affirmatively raised in the Appellate Court.

Assumpsit.—Common counts. Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed March 5, 1901.

**Statement.**—Defendant in error, hereinafter referred to as plaintiff, sued plaintiffs in error, hereinafter referred to as defendants, in an action of assumpsit, for beer sold and delivered and money advanced by plaintiff, for a license to keep a saloon, and recovered judgment for the sum of $613.32 and costs, to reverse which this writ of error was sued out. The declaration contained the common counts only. Ludwika Rozenski pleaded the general issue and a special plea, verified, denying joint liability with the de-

Rozenski v. F. J. Dewes Brewery Co.

fendant Thomas Rozenski.   Thomas Rozenski pleaded the general issue only.   Defendants also gave notice of set-off under the general issue, but introduced no evidence under the notice.

It appears from the evidence introduced by the plaintiff that the plaintiff commenced doing business with Joseph Rozenski, the former husband of Ludwika, April 27, 1894, and so continued until his death, some time in 1894, when he was indebted to the plaintiff in the sum of about $300, and that, after the death of Joseph, plaintiff continued the business with Ludwika, at the same saloon, selling her beer until May, 1896.   Thomas Rozenski, a brother of Joseph, deceased, married Ludwika after the decease of Joseph, and after such marriage, the account, which during Ludwika's widowhood was in her name, was changed to Thomas' name, by his request, on the books of plaintiff, but not on the customer's book hereafter mentioned.   On the last day of May, 1898, Ludwika called at the office of the plaintiff and inquired why the plaintiff did not take out a saloon license for her, when she was informed that the plaintiff would not do so until some arrangement should be made for payment of plaintiff's account, and she said that she was responsible for the debt and wanted the license taken out, and that she would pay $2 more than the market price for beer to apply on the price of the license.   On the faith of this promise plaintiff took out a license.

It further appears from the evidence that the account was kept in a book in the possession of the defendants, which was taken to plaintiff's office to be written up once each month, when all payments made in the preceding month were credited in it, and the balance due was shown. This book was originally in Joseph's name, and so continued after his death, and the account was kept in it as if he were living.   Plaintiff's evidence showed that there was due on the account, September 1, 1898, $613.32.   The defendants introduced no evidence.

STIRLEN & DICKSON, attorneys for plaintiffs in error.

WINSTON & MEAGHER, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for defendant seeks a reversal of the judgment on the following grounds:

1. The court erred in refusing defendants an opportunity to procure an interpreter. 2. There is no evidence of joint liability. 3. Ludwika's promise was within the statute of frauds. 4. The court erred in instructing the jury. 5. The court erred in refusing to set aside the judgment and grant a new trial.

In regard to the first ground, it is sufficient to say that no exception was taken to the action of the court in declining to delay the trial to give the plaintiff an opportunity to procure an interpreter. Thomas Rozenski, by omitting to plead non-joint liability, admitted joint liability, leaving to the plaintiff merely the burden of proving the liability of Ludwika. Stevenson v. Farnsworth, 2 Gilm. 715; Davis v. Scarritt, 17 Ill. 202.

Counsel for the defendants contend that Ludwika's promise was without consideration, and being merely oral, and to pay the debt of another, or others, is within the statute of frauds. We think there was a sufficient consideration for the promise, namely, the taking out by plaintiff of a saloon license, which, it appears from the evidence, the plaintiff would not have done except for the promise. It is true that, the declaration containing only the common counts, it was not necessary for the defendants to plead the statute of frauds, but it is necessary to appear from the record that defendants relied on the statute in the trial court, as it is well established that the objection can not be effectually made for the first time in this court. Boston v. Nichols, 47 Ill. 353; Deniston v. Hoagland, 67 Ib. 255.

The following occurred in the cross-examination of one of the plaintiff's witnesses:

Q. "When Mrs. Rozenski came to your place, as you say, and she promised you she would pay the indebtedness

or guarantee it for Thomas Rozenski—was that verbal or in writing?" A. "Verbal."

Mr. Newfeld: "If the court please, I move now that all the evidence as to the promise be stricken out."

"Which motion was denied by the court, to which ruling of the court the defendants, by their counsel, then and there duly excepted."

This is positively all that occurred by way of exception or objection to the evidence in relation to Ludwika's promise. The statute of frauds is not mentioned in the motion or anywhere in the record, nor is the ground of the motion stated, nor was any instruction in reference to the statute of frauds requested by the defendants or either of them. While it is not necessary to plead the statute to a declaration consisting only of the common counts, in order to set it up as a defense, we think that, in analogy to what is required in a plea, when necessary to plead the statute, it should clearly appear that the statute is relied on. In the present case it could have been so made to appear by stating, as the ground of the motion, that the promise relied on by the plaintiff was to pay the debt of another and was not in writing. This was not done. The motion was general, stating no ground, and was insufficient, as we think, to raise the question.

No exception was taken to any instruction of the court. We find no reversible error in the refusal of the court to set aside the judgment and grant a new trial. The judgment will be affirmed.