## Mrs. C. Lanser, Appellee, v. N. M. Fidler, Appellant.

## Gen. No. 5377.

1. PLEADING—*when recovery can be had under common counts.* Where all that remains to be done under a contract is that one party thereto shall pay money provided by such contract to be paid, a recovery may be had under the common counts.

2. STATUTE OF FRAUDS—*when defense of, comes too late.* Where the common counts solely are filed no plea of the Statute of Frauds is required, but, in some manner, the defense of the Statute of Frauds must appear to have been interposed in the trial court; otherwise it will not be regarded on appeal.

3. APPEALS AND ERRORS—*abandonment of theory.* A trial cannot be conducted upon one theory and a claim for reversal predicated upon another.

Assumpsit. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

FRANK G. PLAIN, for appellant.

B. P. ALSCHULER, for appellee; C. H. DARLING and R. C. PUTNAM, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Mrs. C. Lanser brought this suit in assumpsit against N. M. Fidler and filed a declaration containing only the common counts with a copy of the contract sued on, and a general form of account stated attached to the declaration. The defendant pleaded the general issue. There was a trial by jury, and verdict for plaintiff for $3,433.46 on which judgment was rendered. The defendant brings the case to this court by appeal.

The evidence shows that the appellee is an elderly, uneducated German, who can neither read nor speak English. She had bought a boarding house and some lots on a contract. There remained unpaid on the boarding house $1,300 and $400 on the lots. Appellee

early in 1909, desired to sell the boarding house, and spoke to appellant, who is a grocer, about it. He undertook to sell it for her but not finding a purchaser, he proposed a trade. She declined to trade but fixed a price on the boarding house, vacant lots and furniture, and appellant agreed to buy her interest. They went to the office of James Powell to have him draw up a memorandum of the agreement. He drew up and they signed the following agreement:

"Aurora, Illinois, March 22, 1909. Agreement between Johannon Lanser to N. M. Fidler. Price of boarding house $5500 with ten bedrooms, with furniture complete in the rooms. Downstairs; 9 chairs, a clock, stove, table   *   *   *

Lots 27 and 28 in Block 8 Oak Park. N. M. Fidler is to assume $1,300 on building and $400 on lots 27 and 28; the difference is to be turned over in cash and mortgages and notes, to pay the balance in full.

Mrs. C. Lanser.<br>N. M. Fidler."

Appellee turned over to appellant the possession of the property April 17, 1909, with her contract, insurance policy and papers from Virg. Gray, and appellant has retained possession ever since. Appellant undertook to pay by turning over to appellee some worthless oil stock, an old judgment, a chattel mortgage made in 1905, which was past due, with a lot of accounts and small notes which appellant had taken from his customers and which he endorsed without recourse. These appellee refused to accept. Appellant tried in various ways to get these papers into appellee's possession, and to get Powell, who was acting for appellee, to approve the so-called securities, but Powell refused to advise appellee to accept them. The evidence tends to show that appellant made an attempt to pay for the property he got from appellee by turning over to her apparently worthless papers.

It is insisted on behalf of appellant that there can be no recovery in this case on the contract of sale under the common counts; that there should have been

a special count on the contract. The contract was fully performed on the part of appellee, and all that remained to be done was for appellant to pay; in such a case a recovery may be had under the common counts. McKinnie v. Lane, 230 Ill. 544.

It is also contended that the contract is within the statute of frauds and hence there could be no recovery. This question was not raised in the trial court. The appellant did not plead the statute neither did he ask any instructions except an instruction directing a verdict for him, which was refused, and an instruction which was given that if the jury believed that plaintiff accepted in payment of the property the notes, mortgages and stocks introduced in evidence, they must find in favor of the defendant. While it is not necessary to plead the statute to a declaration consisting of the common counts, in order to set it up as a defense, yet it should appear somewhere in the record that the statute is relied on. The question not having been raised in the trial court, it cannot be raised in the Appellate Court for the first time. Deniston v. Hoagland, 67 Ill. 265; Highley v. Metzger, 187 Ill. 237; Rozenski v. Dewes Brewery Co., 93 Ill. App. 370.

It is also contended that because the contract does not state how much was to be paid in money and how much in mortgages there can be no recovery for the sum to be paid. The contract states the consideration as $5,500 to be paid. The appellant's theory was that he had paid by a tender of the so-called securities he offered in evidence. Appellant having tried the case on one theory may not abandon that theory now and try it here on some other theory. N. K. Fairbank Co. v. Nicholai, 167 Ill. 242; Miller's Nat. Ins. Co. v. Jackson County Milling Co., 60 Ill. App. 224. Appellee was entitled to payment in good mortgages and cash. The jury found against appellant on his theory, and he cannot abandon the theory on which he tried the case and present a new one in this court.

It is also contended that the judgment is excessive

to the amount of $83.21. After deducting the $1,700 which appellant was to assume from the $5,500 there would be a balance of $3,800 due appellee. Appellant testifies he paid a lumber bill of $127.06 for appellee to White and Todd; appellee testifies the bill was $110. Appellant testified that he also paid Komes a butcher bill of $100 for her, and that she got groceries on a due bill to the amount of $243.68. He also claims appellee owed him a grocery bill of $70 at the time of the trade; while she testifies she did not owe him anything. If the testimony of appellee be true he had paid $453.68 and the judgment should be for $3,346.32 besides allowing her interest from the time he got possession in April, 1909, to the date of the judgment, January 28, 1910; while if the evidence of appellant be true it is excessive to the amount claimed, if no interest is included, but interest at five per cent will exceed the amount claimed to be excessive. The jury passed on the credibility of the evidence and the trial court approved their verdict. We cannot say the verdict and judgment are not right. The judgment is affirmed.

*Affirmed.*