Henry G. Tyrrell, Appellee, v. John S. Robinson et al.,
Appellants.

Gen. No. 17,107.

1. STATUTE OF FRAUDS—*how question raised.* The statute of
frauds cannot be relied on in the Appellate Court when the ques-
tion was not raised in the trial court by plea, objection to evi-
dence, motion to strike out evidence, or by instructions given or
refused.

2. STATUTE OF FRAUDS—*how question presented.* The question of
the statute of frauds is not presented by merely a request for a
directed verdict.

3. MASTER AND SERVANT—*when contract for compensation estab-
lished.* Evidence *held* to support special counts alleging an agree-
ment to pay plaintiff, an estimator, a monthly salary and certain
commissions.

4. APPEALS AND ERRORS—*examination of record.* When the Ap-
pellate Court reviews a record to determine whether the evidence
supports the verdict and is convinced that it does and announces
its conclusion without extensive analysis of the testimony it is
not justly subject to the imputation that it did not examine the
record and failed to discharge its duty.

Appeal from the Municipal Court of Chicago; the Hon. McKENZIE
CLELAND, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1910. Affirmed. Opinion on rehearing filed
May 9, 1913.

UNDERWOOD & MANIERRE and HOLDOM, MANIERRE &
PRATT, for appellants .

FRANK CROZIER, for appellee

MR. JUSTICE BARNES delivered the opinion of the
court.

Appellants ask for a reversal of the judgment for
plaintiff on two grounds; (1) that the contract sued
on comes within the statute of frauds, and (2) that
the verdict was against the manifest weight of the
evidence.

It is enough to say with respect to the first that

not only was there no plea setting up the statute of frauds (whether necessary or not), but there was no objection to evidence, nor motion to strike out evidence, nor instruction given or refused or asked for, by which the question was raised in the court below, and manifestly it cannot be raised here for the first time. *Highley v. Metzger,* 187 Ill. 237; *Sanford v. Davis,* 181 Ill. 570.

That it could have been raised in the court below by one of these methods and the court thus have been apprised of the purpose to claim the benefit of the statute (had appellants entertained any such purpose), hardly needs to be stated, and it has been held at least twice by this court that the question is not presented merely by the request for a directed verdict. *Hodges v. Bankers' Surety Co.,* 152 Ill. App. 372; *Lanser v. Fidler,* 158 Ill. App. 94.

But were the questions properly raised, the record can hardly be said to support the contention which rests alone upon plaintiff's testimony that it was an oral contract of hire for one year, and that he "went to work" the day after it was entered into; for there was no proof that it was a part of the agreement that plaintiff should commence work the next day or that his term of service was to begin in the future. The evidence is perfectly consistent with an understanding that his term of service began the day of entering into the agreement. The difference between an express agreement for services to commence in the future and one that does not so provide is pointed out in *Billington v. Cahill,* 51 Hun 132, which reviews the cases on this subject.

As to the other ground urged, we think the evidence amply supports the special counts alleging an agreement to pay plaintiff, as estimator, a monthly salary of $150 and commissions amounting to one-half of one per cent. of the contract price of building work estimated by him. That he was to receive and was paid, up to the time of the severance of their

relations, $150 monthly is not denied. In addition thereto he was paid $300 under circumstances which an impartial reader of the record would regard as a recognition and strong corroboration of plaintiff's claim to commissions. The conclusion is further supported not only by defendant's feeble explanations that "it was a gift" and again that it was a raise of salary (which was not subsequently recognized), but by the undenied testimony that when plaintiff submitted to one of defendants his estimate of about a million dollars for the erection of a building, said defendant added $5,000 thereto, a sum that would just about pay, and was probably intended to pay, the commission that would be due plaintiff under his version of the agreement.

It is needless to point out other matters in the record which confirm in our minds the verity of plaintiff's contention. We would not have pointed out these corroborations of his testimony but for appellants' repeated insistence that none could be found in the record. In fact we cannot read this record without being impressed, as the jury must have been, that the treatment plaintiff received from the defendants evinced a plain purpose to evade their obligations.

The first question not having been fully argued in the original briefs, we granted a rehearing of this case. The petition therefor, however, not only violated the well known rule against a reargument of the entire case, but, in its unmistakable tone of disrespect, the ethics usually observed by the profession.

When this court reviews a record to determine whether the evidence supports the verdict of a jury and is convinced that it does, and announces its conclusion thereon without extensive analysis of the testimony in its opinion,—which the law does not require and which, in case of affirmance, usually subserves no useful purpose and is often dispensed with,—it is not justly subject to the imputation that it did not ex-

amine the record and failed to discharge its duty. Notwithstanding an unwarranted charge in the petition to that effect, the rehearing was granted, but for the reason above stated. The judgment is affirmed.

*Affirmed.*