## Mellish-Hayward Company, Defendant in Error, v. R. Haas Electric & Manufacturing Company, Plaintiff in Error.

### Gen. No. 17,633.

1. APPEALS AND ERRORS—*conflicting evidence.* The court on appeal or writ of error will not disturb finding of trial court on conflicting evidence, unless manifestly against weight of evidence.

2. APPEALS AND ERRORS—*statute of frauds.* Question whether an oral promise to pay for work and materials after the same were furnished is void under the statute of frauds as being a promise to pay the debt of another, must be raised in trial court and cannot be raised for first time by writ of error or appeal.

Error to the Municipal Court of Chicago, the HON. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

ALONZO HOFF and BULKLEY, GRAY & MORE, for plaintiff in error.

MADDOCK & JAFFE, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

A suit was begun in the Municipal Court by defendant in error to recover $203.18 for work and materials furnished by it to plaintiff in error on a contract. Plaintiff in error, by its affidavit of merits, as to $111.97

of the claim, says it did not contract with defendant in error for the labor or materials in question or order the same from it. The case was tried by the court without a jury. The court found the issues for defendant in error, assessed its damages at the full amount of the claim and entered judgment therefor.

Plaintiff in error asks that this judgment be reversed and the cause remanded with directions to the Municipal Court to enter judgment for the excess of the claim over $111.97 for two reasons, *first,* because it did not contract for the work and materials composing that particular part of the claim before the same was furnished; and, *second,* because the promise testified to by the witnesses for defendant in error as having been made after the same were furnished was and is void, under the statute of frauds, as being an oral promise to pay the debt of another.

As to the first contention, if the testimony of defendant in error is to be believed the items of work and labor composing the $111.97 were furnished at the instance and request of plaintiff in error and were charged to it when the same were furnished. While this testimony was contradicted, it was for the trial court to determine the weight of the evidence and the credibility of the witnesses, and this court will not disturb the finding, unless it was manifestly against the weight of the evidence. This we are not prepared to do in this case. Whether or not there was an original undertaking on the part of plaintiff in error to pay for these items, it is practically conceded in the argument that after the same were furnished, it did promise defendant to pay for the same. While this promise was not in writing, it is binding, unless the defense of the statute of frauds is interposed in the trial court.

The question whether this contract was void under the statute of frauds was in no way raised before, or submitted to the trial court and cannot be raised in

this court for the first time by writ of error or on appeal. *Lanser v. Fidler,* 158 Ill. App. 94; *Niedner v. Friedrich,* 69 Ill. App. 622; *Hodges v. Bankers' Surety Co.,* 152 Ill. App. 372; *Berkowsky v. Viall,* 66 Ill. App. 349; *Chicago Attachment Co. v. Davis Sewing Machine Co.,* 142 Ill. 171.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*